[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action to recover damages arising out of the termination of his employment by the defendant. The defendant has moved to strike all eight counts of the Second Amended Complaint on the grounds that the facts therein alleged are insufficient to set forth the causes of action claimed. The defendant also moves to strike the claim for punitive damages.
The function of a motion to strike is to challenge the legal sufficiency of the allegations. Ferryman v. Groton, 212 Conn. 138,142 (1982). In its ruling, the court is limited to the grounds specified in the motion to strike. Meredith v. Police Commissioner, 182 Conn. 138, 140 (1980). The court must construe the facts in the pleading in a manner most favorable to the nonmoving party and, if the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Rowe v. Godou, 209 Conn. 273, 278 (1988); Mingachos v. CBS Inc., 196 Conn. 91, 109 (1985). The issue is not whether the plaintiff will prevail at trial, or even whether the plaintiff's claims can survive a motion for summary judgment. The issue is whether the facts which might be admitted into evidence under the complaint are sufficient to establish a cause of action. If so, the motion to strike must be denied.
First Count
The First Count of the complaint alleges that the employee manual establishes a specific policy to be followed where long term employee becomes "surplus" or unable to maintain satisfactory performance. The plaintiff claims that the policy constituted a "contract" and that he was damaged by the defendant's breach thereof which deprived him of salary, bonuses and fringe benefits.
The defendant claims that the allegations of the first count are insufficient because of a handbook policy cannot constitute a contract and because the plaintiff has failed to allege that he would not have been terminated had the separation policy been CT Page 5091 followed.
The question of whether the parties intended the handbook to be part of a contract is a question of fact to be determined under the surrounding circumstances. Carbone v. Atlantic Richfield Co.,204 Conn. 460, 471-472 (1987). Similarly, the plaintiff has the burden of proving the allegations but such claims are sufficient to withstand a motion to strike.
Second Count
The Second Count of the complaint alleges that an employee of the defendant, acting as its agent, promised the plaintiff that his employment would not be terminated without a review and consent of the chairman of the defendant. Here again, the plaintiff claims that such language constitutes a contract which was breached causing damage. The reasoning that applies to the first count similarly applies to the second count.
Third and Fourth Counts
The Third Count alleges promises made in the First and Second Counts were intended to induce the plaintiff to accept a temporary assignment away from his home and to forebear seeking alternative employment. The plaintiff alleges that he relied on such promises, accepted the temporary employment and did not seek alternative employment. The plaintiff further alleges that the defendant did not fulfill those promises by failing to submit the decision to the chairman of the defendant and therefore, the plaintiff is entitled to damages.
The Fourth Count alleges that promises were made which constituted a contract which was breached causing the damages alleged.
The defendant claims that the asserted promises are insufficiently definite and promissory to establish liability. The court cannot conclude, as a matter of law, that there is no state of facts admissible into evidence under such pleadings that would preclude the plaintiff from having the issues decided by the trier of fact.
Accordingly, the Motion to Strike the Third and Fourth Counts are denied.
Fifth Count
The Fifth Count of the complaint alleges that the defendant offered to the plaintiff and the plaintiff accepted a temporary assignment in its North Carolina facility. The plaintiff then CT Page 5092 alleges that in making the promise, that the defendant intended to induce Smathers to believe he preserve his employment with Champion by accepting the temporary position and that he relied upon that promise. The allegations of the Fifth Count, as alleged, do not constitute a promise upon which the plaintiff was entitled to rely and accordingly, the Motion to Strike the Fifth Count is granted. See Neuharth v. Connecticut Institute For The Blind, 1991 Conn. Super. Ct. Rept. 317 (March 8, 1991) (Dunn, J.)
Sixth Count
The Sixth Count of the complaint alleges most of the factual claims previously alleged and asserts that the contracts alleged contain implied covenants of good faith and fair dealing and, as a result of the breach thereof, has been damaged. The defendant claims that the plaintiff does not allege that discharge in violation of a public policy and that, as in at will employee, such a claim cannot be asserted.
It is true that for an employment contract that is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising that right and, accordingly, absent prevention of some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing. Carbone v. Atlantic Richfield Co., 204 Conn. 460,470-471 (1987). In the present case, the plaintiff claims that contractual agreements were made between the plaintiff and the defendant. The plaintiff claims there were limits, arising from these contracts, upon the employer to discharge him and it is to these limits that the covenant of good faith and fair dealing are claimed to apply. See, Gaudio v. Griffin Health Services Corp., 7 Conn. Super. Ct,. Rep. 235 (February 17, 1992).
Seventh Count
The Seventh and Eighth Counts set forth a cause of action and negligent misrepresentation and assert that the certain designated employees of the defendant negligently misrepresented the facts to the plaintiff and that the employees had a means of knowing, ought to have known, or had the duty of knowing that the representations were false. See, D'Ulisse — Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 217 (1987).
Punitive Damages
Punitive damages may be awarded where the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights. DeSantis v. Piccardially Land Corporation, 3 Conn. App. 310, 315 (1985). The court finds nothing contained in the Second Amended Complaint which would justify the CT Page 5093 award of punitive damages, and accordingly, is hereby stricken.
The plaintiff's Motion to Strike the First, Second, Third, Fourth, Sixth, Seventh and Eight Counts is denied; the defendant's Motion to Strike the Fifth Count is granted; the defendant's Motion to Strike the Claim for Punitive Damages is granted.
RUSH, JUDGE